IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GLORIA ELIZABETH HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 2:17cv98-WHA |
| | ) | |
| SSC MONTGOMERY SOUTH HAVEN | ) | (wo) |
| OPERATING CO., LLC etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.        FACTS AND PROCEDURAL HISTORY**

This cause is before the court on the Plaintiff's Motion for Leave to Amend (Doc. #29).

The Plaintiff, Gloria Elizabeth Henderson ("Henderson"), originally filed her Complaint

in the Circuit Court of Montgomery County, Alabama. The case was removed to this court on the

basis of diversity jurisdiction on February 17, 2017. A Motion to Remand was filed by

Henderson. The Motion to Remand was denied by this court on April 27, 2017 because the

named non-diverse defendant was not a proper defendant in the case. (Doc. #10). On May 11,

2017, Henderson filed an Amended Complaint naming only SSC Montgomery Haven Operating

Co., LLC, a diverse defendant ("South Haven"), as a defendant in the case. (Doc. #14). In

response to an Order from the court, South Haven answered the Amended Complaint, and

asserted affirmative defenses. (Doc. #18). A Uniform Scheduling Order was entered on June 19,

2017. (Doc. #26).

Henderson now seeks to amend the Complaint again to add as defendants two persons,

Dr. Vikas Gupta and Dr. Saurabh Patil, whom she alleges in the proposed Amended Complaint

are residents of the State of Alabama and who were her treating physicians. For reasons to be discussed, Henderson's Motion is due to be GRANTED.

## II. MOTION TO AMEND STANDARD

Under 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In determining whether to allow the amendment, the court should examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens v. Deere and Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989).[1]

## III. DISCUSSION

In analyzing whether to allow Dr. Gupta and Dr. Patil to be joined, thereby necessitating remand, or to deny Henderson's request to join them as Defendants, this court will apply the *Hensgens* analytical factors outlined above.

As to the first *Hensgens* factor, the extent to which the purpose of the amendment is to defeat diversity, South Haven argues that the new amendment does not add any facts, but only seeks to add two parties, and so is only for the purpose of defeating diversity.

---

[1]  This analysis is still relevant even though *Hensgens* pre-dates § 1447 (e). *See Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311, 1312 n.1 (M.D. Ala. 1999).

In response, Henderson argues that she has a viable claim against the doctors and it was always her intent to name the treating physicians in this case, as evidenced by her naming them as fictitious parties in her original complaint in state court. (Doc. #1-1).

As Henderson points out, cases applying the *Hensgens* factors have found significance in the fact that a fictitious party was originally named. *See Smith v. Catosouth, LLC*, 432 F. Supp. 2d 679, 681 (S.D. Miss. 2006) (citing a case for the proposition that "the fact that a plaintiff has included a defendant as a fictitious defendant in his state court pleading would tend to belie an inference that the plaintiff's motivation for seeking to amend post-removal to substitute a real party for the one previously identified only as a fictitious party is to defeat diversity jurisdiction."). Cases also consider the strength of the claim against the individual sought to be added as part of the determination of whether the amendment is sought to defeat jurisdiction. *See Smith v. White Consolidated Industries, Inc*., 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002).

In this case, Henderson has alleged theories of liability against treating physicians and there is no reason to conclude that such theories lack viability. Henderson has sought to add these defendants after having initially named fictitious defendants when the complaint was filed in state court. The court finds, therefore, that the first *Hensgens* factor weighs in favor of allowing the amendment. *See Smith*, 432 F. Supp. 2d at 681.

With regard to the second *Hensgens* factor, South Haven argues that Henderson could have named the doctors much earlier, because the records were provided to counsel for Henderson in May of 2017. South Haven points out that Dr. Gupta is identified as the attending physician on page 1 of a facility chart and on other pages of the chart and that Dr. Patil is also referenced on various pages of the records. South Haven cites cases for the proposition that

adding non-diverse defendants after the case is removed when the identity was known at an earlier time indicates that the purpose of the amendment is to defeat diversity, and argues that waiting until the end of the period allowed for amendment means that Henderson has been dilatory.

Henderson acknowledges that she had the records referred to by South Haven in May, but she also points out that there were 1,262 pages of records, and that Dr. Gupta and Dr. Patil were not disclosed by South Haven as individuals having information regarding the facts of this matter until July 2017. Henderson argues that she was not in possession of documents necessary to identify the doctors at the time she filed her Motion to Remand. Finally, Henderson points out that her motion was well within the time allowed by the Scheduling Order to file an amendment to the Complaint, which was within the time agreed to by the Defendant in the Report of Parties' Planning Meeting to join additional parties. (Doc. #26, Section 4; Doc. #25 at ¶6(c)).

The record before the court indicates that although Henderson did not file her motion to add the doctors immediately upon receiving documents including their identities, she did not receive the records until after removal and after she initially amended her Complaint, and her request to amend to add the doctors is within the time allowed for amendment under the Scheduling Order as previously agreed to by the Defendant. Therefore, the court concludes that the second *Hensgens* factor weighs in favor of Henderson's amendment. *See Jones v. Rent-A-Center East, Inc*., 356 F. Supp. 2d 1273, 1276 (M.D. Ala. 2005) (considering that the motions were filed within the time allowed by the Scheduling Order as weighing in favor of amendment).

The third *Hensgens* factor is whether the plaintiff will be significantly injured if the amendment is not allowed. In analyzing this factor, courts generally attempt to determine

4

whether a plaintiff will be "able to obtain full relief" in the absence of the amendment. *Sexton v. G& K Services, Inc.*, 51 F. Supp. 2d 1311, 1314 (M.D. Ala. 1999).

As South Haven points out, in *Bevels v. American States Ins. Co.*, 100 F. Supp. 2d 1309, 1314 (M.D. Ala. 2000), this court reasoned that plaintiffs would not be significantly injured by denial of an amendment to add non-diverse parties where the plaintiffs could obtain a judgment against an insurance company without the presence of its agent in the case and discovery would allow the plaintiffs access to the same information with or without the agent in the case. South Haven argues that Henderson can obtain a judgment against South Haven and obtain discovery regarding the doctors without the doctors being named as Defendants.

Henderson responds that South Haven has asserted an affirmative defense in its Answer to the Amended Complaint that it "denies that it employed at all or negligently hired, employed trained or supervised any agents or servants involved in the care and treatment of Gloria Henderson." (Doc. #18 at p. 5).

The existence of respondeat superior liability has been found to be significant in other cases applying *Hensgens* factors. *See, e.g., Sides v. Sodexo*, Inc., No. 2:16cv675, 2017 WL 2702248, at *2 and n.3 (M.D. Ala. June 22, 2017)(analyzing whether full relief was available and noting that diverse defendant conceded that the non-diverse individual the plaintiff sought to add was its employee and working within the line and scope of her employment).

In *Jones*, this court concluded that an affirmative defense that the conduct complained of was not within the line and scope of the individual's employment made it unclear that the plaintiffs would be able to obtain complete relief without the presence of the individuals in the case. 356 F. Supp. 2d at 1277.

Given the affirmative defense in the Answer to the Amended Complaint in this case, which indicates that South Haven does not concede that the treating doctors were acting as its agents or employees, the court finds that the third *Hensgens* factor weighs in favor of allowing the amendment. *Id.*

The next step in the *Hensgens* analysis is to consider any other factors bearing on the equities. In balancing the equities, this court previously has concluded that it should give consideration to the defendant's right to choose the federal forum. *See Bevels*, 100 F. Supp. at 1313. This court has also reasoned, however, that maintaining a separate suit against individuals in state court can pose an expense that weighs in favor of allowing an amendment to add the individuals. *See Jones*, 356 F. Supp. 2d at 1277.

Considering all of the information before it, including that the first three *Hensgens* factors weigh in favor of amendment, the court finds that the equities weigh in Henderson's favor in this case, and the amendment to add Dr. Gupta and Dr. Patil will be allowed.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Plaintiff's Motion for Leave to Amend (Doc. #29) is GRANTED.

2.  Because the addition of Dr. Gupta and Dr. Patil destroys diversity jurisdiction in this case, this case is REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(e).

3.  The Clerk is DIRECTED to take appropriate steps to effect the remand.

Done this 28th day of November, 2017.

                                    /s/ W. Harold Albritton

                                    W. HAROLD ALBRITTON
                                    SENIOR UNITED STATES DISTRICT JUDGE